**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1351

_____

WILLIE J. ABNEY,
                    Appellant

v.

SEPTA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-04435)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 20, 2023

_____

BEFORE: RESTREPO, PHIPPS, and ROTH, *Circuit Judges*

(Filed: October 18, 2023)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

William J. Abney filed an employment discrimination complaint against his employer SEPTA, alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Specifically, Abney claimed SEPTA demoted him in retaliation for making numerous complaints. The District Court granted SEPTA's motion for summary judgment, finding that none of Abney's complaints alleged he suffered discrimination on any of Title VII's protected grounds and his retaliation claim was therefore unsubstantiated. We agree and will therefore affirm.

## I.      Facts and Procedural History

Abney began working for SEPTA in 1992. In 2014, he was promoted to Assistant Director of Station Operations.

In May 2017, Abney reported to SEPTA's Equal Employment Opportunity (EEO) Department that an employee under his supervision failed to comply with SEPTA's uniform policy by refusing to remove her head scarf. In response to his complaint, a SEPTA Employee Relations Manager informed Abney that the head scarf was a religious accommodation and that he should not report the employee for a policy infraction. The manager further advised Abney that he should attend EEO Department training. Abney emailed his supervisor, complaining about the manager's recommendation that he attend training and her general demeanor towards him. Abney did not suggest to his supervisor

that he had been discriminated against, either by the EEO Department manager or the workplace generally.

Between July 2017 and August 2018, six of Abney's subordinates made complaints about his aggressive and intimidating management style. Each complaint was investigated by either Abney's supervisor or the EEO Department. None of the investigations resulted in action being taken against Abney. Abney offered no evidence that he complained of discrimination while being the subject of the six investigations.

In October 2018, Abney submitted a Workplace Violence Report to his supervisor regarding an altercation with one of his subordinates. Consistent with SEPTA's Workplace Violence Policy, the Office of the Inspector General investigated this incident and determined Abney's allegations could not be substantiated. Abney did not contend that he had been subjected to any discrimination in connection with this investigation.

In December 2018, Abney wrote a memorandum to the director of SEPTA's EEO Department, Jacqueline Hopkins, complaining about the Department's recent investigations into his job performance. He contended that he was being "targeted" by the Department. Hopkins responded that the complaints against Abney had been found to be unsubstantiated but that his management style had been consistently characterized as "abrasive and overbearing." Appx. 410. Abney's complaint to Director Hopkins did not allege he suffered any discrimination based on any protected ground under Title VII.

On April 29, 2019, Abney filed a Charge with the Equal Employment Opportunity Commission. He claimed that he was retaliated against when SEPTA officials advised him

3

that he could be subjected to discipline in the future if more complaints were made, and that he was required to attend Respect and Civility in the Workplace training. The charge did not contain any allegations of discrimination based on any of Title VII's protected criteria.

In August 2019, a cashier named Reydonia Benjamin submitted a complaint to SEPTA's EEO Department alleging that Abney harassed her by sending her inappropriate text messages and publicly berating her. SEPTA's EEO investigation found that Abney sent flirtatious text messages to Benjamin, that he provided untruthful statements during the investigation, and had inappropriately confronted Benjamin while she was alone in her cashier booth. As a result of these findings, Abney's supervisor recommended that he be demoted from his position as an Assistant Director and attend EEO Department training on SEPTA's harassment policies and guidelines.

Upon receiving the Notice of Imminent Demotion, Abney appealed first to SEPTA's Manager of Labor Relations. Following a Determination Hearing, the Senior Director of Railroad Operations upheld the supervisor's recommendation of demotion. Abney appealed again, and a Post-Determination Hearing was conducted by a neutral arbitrator. The arbitrator upheld the demotion, finding that Abney had acted unprofessionally and his removal from a management position was justified.

Abney filed an employment discrimination complaint in District Court alleging a single count of retaliation under Title VII and the PHRA. SEPTA filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Abney did

4

not establish the prima facie requirements of a retaliation claim. The District Court agreed, finding that Abney's complaint "did not expressly or implicitly assert discrimination on any of Title VII's prohibited grounds." Appx. 11. Following this Court's decision in *Slagle v. County of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006), the District Court found Abney's complaint to be facially invalid because it failed to allege a Title VII violation and his participation in SEPTA's EEO investigations were therefore not protectable conduct. We agree with this application of the law.

## II. Analysis

In reviewing the grant of summary judgment, we consider the evidence and supported relevant facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

To succeed on a claim of retaliation in violation of Title VII and the analogous provision of the PHRA, Abney must demonstrate that: (1) he engaged in conduct protected by Title VII; (2) his employer took an adverse action against him either after or contemporaneously with his protected activity; and (3) there is a causal connection between his participation in protected activity and the employer's adverse action. *Slagle*, 435 F.3d at 265. If Abney establishes a prima facie case, "the burden shifts to the employer to advance a legitimate, non-retaliatory reason" for the adverse action. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500–01 (3d Cir. 1997).

5

Abney argues that the District Court erred in finding that he did not engage in the requisite protected conduct to allege a Title VII violation. Title VII prohibits employers from discriminating on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. The anti-retaliatory provision of Title VII provides, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, *or participated in any manner in an investigation, proceeding, or hearing under this subchapter.*

42 U.S.C. § 2000e-3(a) (emphasis added).

Abney contends he is entitled to Title VII protection because he participated in investigations conducted by SEPTA's EEO Department and opposed discriminatory practices. He argues the District Court erred by "focus[ing] solely" on whether he alleged he suffered discrimination related to one of Title VII's specifically protected grounds cited in 42 U.S.C. § 2000e-2. Appellant's Brief, 13. Abney posits that such a narrow focus misses the point—that he was demoted in retaliation for his participation in workplace investigations and for complaining about being targeted by his employer. He argues the fact that he was the subject of the investigations is irrelevant, and therefore his claim was improperly dismissed on summary judgment.

Being the subject of an EEO investigation conducted by one's employer does not exclude an employee from the protection of Title VII. Failing to allege the employee was

discriminated against on the basis of a Title VII protected ground does. We agree with the District Court that Abney's failure to allege SEPTA discriminated against him on a prohibited ground under Title VII is fatal to his claim. As this Court reasoned in *Slagle*, finding that an employee is protected by Title VII when they file vague allegations of generalized discrimination would render the phrase "under this subchapter" in § 2000e-3(a) meaningless. *Slagle*, 435 F.3d at 267 (citing 42 U.S.C. § 2000e-3(a)). The "subchapter" refers to the provisions that "set forth an employee's rights when an employer has discriminated against him or her on the basis of race, color, sex, religion, or national origin." *Id.*[1]

Thus, to garner Title VII protection, Abney's complaints against SEPTA would have had to identify, either explicitly or implicitly, conduct made unlawful by 42 U.S.C. § 2000e-2. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995) (holding an employee's complaint that does not specifically oppose an unlawful practice "does not constitute the requisite 'protected conduct' for a *prima facie* case for retaliation"). Because Abney's complaints did not attribute his allegedly unfair treatment to discrimination on any protected ground, the District Court properly granted summary judgment. *Id.* at 702. *See also Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 134-35 (3d Cir. 2006) (affirming dismissal of retaliation claim where plaintiff failed to allege any sort of discrimination made unlawful by Title VII).

---

[1] The subchapter specifically refers to provisions 42 U.S.C. § 2000e through §2000e-17.

7

**III.   Conclusion**

For the reasons discussed above, we will affirm the judgment of the District Court.